IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

FABIAN MARC VALDEZ, in his own
right and on behalf of, SEBASTIAN
BENJAMIN VALDEZ GOODMAN,
a/k/a SEBASTIAN AGUIRRE, a/k/a
SEBASTIAN OSBAN                                                                    PLAINTIFFS

v.                         Civil No. 06-3064

LORETTA GOODMAN,
a/k/a AGUIRRE, a/k/a OSBAN                                                         DEFENDANT

## AMENDED REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Fabian Marc Valdez, filed this action in his own right and on behalf of his minor son. He proceeds pro se and in forma pauperis. The complaint is before the undersigned for a determination of whether it should be served on the defendant.

## BACKGROUND

Valdez brings this action seeking enforcement of the child custody determination made by the State of California as well as immediate custody of his minor child under the Uniform Child Custody Jurisdiction Enforcement Act, Ark. Code. Ann. § 9-19-101 *et seq.*, and the Parental Kidnaping Prevention Act, 28 U.S.C. § 1738A. Valdez indicates he was determined to be the minor child's natural father through DNA testing. Valdez was given sole custody of his minor son by the Superior Court of California and an order was issued by that court for the District Attorney of Santa Cruz County to take all necessary actions to locate and return the minor child to the custody of Valdez.

AO72A
(Rev. 8/82)

Valdez alleges Loretta Goodman has interfered with his custody and frustrated all visitation since 1999. According to Valdez, Goodman is currently in violation of her probation for contempt and failing to appear at numerous hearings in Santa Cruz County Superior Court.

Valdez alleges that on two occasions Goodman has attempted to transfer jurisdiction in the custody case to Arkansas but Arkansas has refused jurisdiction ruling that under the UCCJEA California is the minor child's home state. On October 24, 2000, Valdez indicates the California Superior Court ordered the district attorney's investigator, Steven Davies, to pick the child up in Mountain Home, Arkansas. However, when Davies arrived the child had been abducted and concealed again by Goodman and her boyfriend.

## DISCUSSION

This case is subject to dismissal prior to service of process. Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884)) (alteration in original)).

The Federal Parental Kidnaping Prevention Act (PKPA), 28 U.S.C. § 1738A, provides that the authorities of every State shall give full faith and credit to child custody determinations. The

PKPA was designed to combat parental kidnaping motivated by child custody "forum shopping." *Thompson v. Thompson*, 484 U.S. 174, 108 S. Ct. 513, 98 L. Ed. 2d 512 (1988). The PKPA confers no federal cause of action. *Thompson v. Thompson*, 484 U.S. 174, 108 S. Ct. 513, 98 L. Ed. 2d 512 (1988); *Cahill v. Kendall*, 202 F. Supp. 2d 1322 (D. Ala. 2002).

The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) has been adopted by Arkansas, Ark. Code Ann. § 9-19-101 *et seq.* "The UCCJEA is the exclusive method for determining the proper state for jurisdictional purposes in child-custody proceedings which involve other jurisdictions." *West v. West*, 364 Ark. 73, ___ (2005). "One purpose of the UCCJEA is to avoid relitigation of child-custody determinations in other states." *Bridges v. Bridges*, 93 Ark. App. 358, ___ (2005). The UCCJEA does not confer federal jurisdiction. *See e.g., Cahill v. Kendall*, 202 F. Supp. 2d 1322 (D. Ala. 2002)

## CONCLUSION

I therefore recommend the case be dismissed on the grounds no claims are stated over which federal court jurisdiction exists. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Valdez has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Valdez is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of October 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)